# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES A. SMITH, | * |
| Plaintiff, | * |
| v. | * Civil Action No.: RDB-17-2291 |
| COHN, GOLDBERG & DEUTSCH, LLC, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff James A. Smith ("Smith" or "Plaintiff") has filed this class action lawsuit[1] against Defendant Cohn, Goldberg & Deutsch, LLC ("Cohn" or "Defendant") alleging Cohn failed to properly name the creditor to whom the debt was owed as required by 15 U.S.C. § 1962g(a)(2) in its initial written communications to Maryland consumers, or within five days thereafter. (ECF No. 1 at ¶¶ 10; 28.) Defendant Cohn has filed a Motion to Dismiss Plaintiff's Complaint ("Cohn's Motion"), asserting that Smith's claims fail as a matter of law, because Cohn's Initial Communication Letter provides the name of the owner of the note and does not contain any false or misleading statements, meeting the requirements of § 1962g(a)(2). (ECF No. 9.) Currently pending before this Court is Defendant's Motion to Dismiss. (*Id.*) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss (ECF No. 9) is DENIED.

---

[1] Smith brings this class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of himself and those similarly situated persons with a Maryland address who received an initial debt collection letter from Defendant Cohn that does not specify the name of the creditor to whom the debt was owed. (ECF No. 1 at 7-8.)

1

# BACKGROUND

This Court accepts as true the facts alleged in Plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F. 3d 388, 390 (4th Cir. 2011). On or about November 15, 2016, Defendant Cohn sent Plaintiff Smith an Initial Communication Letter (the "Letter") in connection to the collection of a debt. (Compl., ECF No. 1 at ¶ 22.) The Letter asserts that on November 18, 2005, Smith purchased property at 9411 Lyonswood Drive, Owings Mills, Maryland 21117 financed through a mortgage with Mortgage Lenders Network USA, Inc. (*See* ECF No. 1-1; *see also* ECF No. 9-1 at 2.) The Letter states:

> On November 18, 2005, you executed a Deed of Trust and Note secured by the above referenced property, and borrowed money in connection with a loan made by Mortgage Lenders Network USA, Inc.. [*sic*] The current owner of the note is U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX1, and the current servicer of the above-referenced loan is Wells Fargo Bank, N.A.. [*sic*] The loan has been referred to this office for legal action based upon a default under the terms of the loan agreement. . . .
>
> Upon your written request within the thirty (30) day period, this office will provide the name and address of the original creditor if different from the current creditor.
>
> IF YOU ARE A DEBTOR, OR AN ATTORNEY REPRESENTING A DEBTOR, THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED HEREBY WILL BE USED FOR THAT PURPOSE.

(ECF No. 1-1.) The Letter was the first communication that Smith received from Cohn, and other than an additional letter of the same date concerning the Servicemembers Civil Relief Act, Smith did not receive any other communication from Cohn within five days of the Letter. (ECF No. 1 at ¶¶ 24-25.)

Smith claims that the Letter violated 15 U.S.C. § 1692g(a)(2) of the Fair Debt Collection Practices Act ("FDCPA"), because it "fail[ed] to clearly specify, in a manner in which the least sophisticated consumer could understand, the name of the creditor to whom the Debt was owed." (*Id.* at ¶ 28.) Smith's Complaint states that he was confused about which one of the entities listed in the Letter was the creditor owed the debt. (*Id.* at ¶ 26.) The Complaint further states that there were five entities listed in the Letter.[2] (*Id.* at ¶ 29.) The Letter includes the following entities that are related to the debt in question: Mortgage Lenders Network USA, Inc.; U.S. Bank National Association; Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX1; Wells Fargo Bank, N.A.; and "this office" (Cohn). (*Id.* at ¶ 29.)

Per the direction of the Letter, Smith wrote a letter to Cohn dated December 7, 2016, in order to verify the debt. (*Id.* at ¶ 36.) Subsequently, Smith filed this action alleging that the Letter violates the FDCPA, because the Letter did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(2). (*Id.* at 3.) Specifically, Smith argues that the Letter failed to specify the name of the creditor to whom the debt is owed, and Cohn did not provide such disclosures within five days after. (*Id.*)

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."

---

[2] As discussed *infra* at 8-10, Cohn contends there are only four entities listed in the Letter. (ECF No. 9-1 at 6.)

*Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017).

Under limited exceptions, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). A court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *U.S. ex rel. Oberg*, 745 F.3d at 136 (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am.*

4

*Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004).

**DISCUSSION**

The Fair Debt Collection Practices Act ("FDCPA") "protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage." *Ukaegbu v. Select Portfolio Servicing, Inc.*, No. PWG-16-3415, 2017 WL 2930465, at *8 (D. Md. July 7, 2017) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996) (quotation omitted)). To state a claim for relief under the FDCPA, a plaintiff must allege that "(1) [he] has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Webber v. Maryland*, No. CV RDB-16-2249, 2017 WL 86015 (D. Md. Jan. 10, 2017) (citing *Flores v. Deutsche Bank Nat. Trust, Co.*, 2010 WL 2719849, at *6 (D. Md. July 7, 2010)). The first two elements of the claim are not in dispute. (ECF No. 11 at 7.) Rather, the relevant question here is whether Smith's claim plausibly alleges that Cohn "faile[ed] to clearly specify, in a manner in which the least sophisticated consumer could understand, the name of the creditor to whom the Debt is owed," and thus, violated 15 U.S.C. § 1692g(a)(2) of the FDCPA. (ECF No. 1 at ¶ 28.) Section 1692g(a) states:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing . . . the name of the creditor to whom the debt is owed.

15 U.S.C. § 1692g(a) (2012). No subsequent communication was sent to Smith following the Letter. Therefore, the sole issue is whether the Letter met the standard of 15 U.S.C. § 1692g(a)(2).

Courts interpret the FDCPA using the least sophisticated consumer standard.[3] This determination requires an objective inquiry, which involves applying a less demanding standard than that of a "reasonable" consumer. *Ramsay v. Sawyer Prop. Mgmt. of Maryland LLC*, 593 Fed. App'x 204, 207 (4th Cir. 2014) (citing *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061–62 (9th Cir. 2011).

> The use of a test evaluating the understanding of a least sophisticated consumer is intended to ensure that "the gullible as well as the shrewd" are not deceived by communications from a debt collector. *Natl. Fin. Servs., Inc.*, 98 F.3d at 136 (citation omitted). Although the FDCPA protects uninformed consumers, the standard employed nevertheless protects creditors from "liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* Accordingly, courts must remain mindful not to "conflate lack of sophistication with unreasonableness." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010).

*Ramsay*, 593 Fed. App'x at 208.

Though the FDCPA does not necessarily require specific language to communicate the identity of the creditor to whom the debt is owed, such information "must be conveyed

---

[3] As a threshold matter, the parties dispute whether the interpretation of the least sophisticated consumer is a question of law or fact. The Fourth Circuit generally treats the test as an objective test that presents a question of law. "Given the objective nature of this inquiry, a district court's application of the least sophisticated consumer test ordinarily presents a question of law." *Ramsay v. Sawyer Prop. Mgmt. of Maryland LLC*, 593 Fed. App'x 204, 207-08 (4th Cir. 2014). However, the Fourth Circuit also recognizes that FDCPA claims "may involve disputed factual issues that must be resolved before the court makes the legal determination whether a communication is false, deceptive, or misleading to the least sophisticated consumer." *Id.* at 208, n.3. At this juncture, the question is merely whether Smith stated a plausible claim for relief under the FDCPA.

effectively to the debtor." *Miller v. Payco-Gen. Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991). In other words, the provisions of § 1692g must be communicated "clearly enough that the recipient would likely understand it." *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016); *see also Ali v. Pendergast & Assocs., P.C.,* No. 1:12-CV-02983-RWS-GGB, 2014 WL 11788874 (N.D. Ga. June 2, 2014). Further, if there is more than one plausible way to read a debt collection letter, such that the identity of the creditor to whom the debt is owed is unclear to the least sophisticated consumer, a violation to the FDCPA may result. "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011). Additionally, "[u]nsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014). (ECF No. 11 at 10-11.) The parties here are primarily in dispute over two issues regarding the clarity of the Letter: (1) whether the list of entities in the Letter could confuse the least sophisticated consumer, and (2) whether the context of the letter as a whole did not clearly communicate the identity of the creditor to the least sophisticated consumer.

First, Smith's Complaint contends that the five entities listed in the Letter would ultimately confuse the reader as to which entity is the creditor to whom the debt is owed. (ECF No. 1 at ¶¶ 28-32.) The Letter contains the following language as to the creditor to whom the debt is owed:

> [Y]ou executed a Deed of Trust and Note secured by the above referenced property, and borrowed money in connection with a loan made by Mortgage

> Lenders Network USA, Inc.. [*sic*] The current owner of the note is U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX1, and the current servicer of the above-referenced loan is Wells Fargo Bank, N.A[.]

(ECF No. 1-1.) Fundamentally, the parties dispute whether the above text lists four entities or five. (ECF No. 9 at 6-9; ECF No. 11 at 8-13.) Cohn asserts that "U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EMX1," is one entity, not two. (ECF No. 9-1 at 6.)

Both parties rely on *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) as instructive when interpreting the above language. The Seventh Circuit explains that:

> If a letter fails to disclose the required information clearly, it violates the Act, without further proof of confusion . . . When § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form. Otherwise, as we have said, "the collection agency could write the letter in Hittite and have a secure defense." *Chuway v. National Action Financial Services, Inc.,* 362 F.3d 944, 948 (7th Cir. 2004). To satisfy § 1692g(a), the debt collector's notice must state the required information "clearly enough that the recipient is likely to understand it." *Id.*; *see also Bartlett v. Heibl,* 128 F.3d 497, 500 (7th Cir. 1997) (debt collector may not defeat the Act's purpose by "making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude").

*Id.* Cohn argues that because the information in the Letter was accurate, the identity of the creditor to whom the debt is owed was effectively communicated to Smith. (ECF No. 9-1 at 5-10.) As explained above, not only must the information in the Letter be accurate, it must also be clearly communicated. The language of Cohn's Letter requires the reader to be able

to extrapolate the identity of the creditor to whom the debt is owed from the listed entities, and further, understand the relationships between U.S. Bank National Association, as Trustee, for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2006-EXMI. (*Id.* at 7.) The least sophisticated consumer could plausibly be confused by the list of entities in the Letter, and the relationship between the listed entities, without a "bizarre" or "unreasonable" interpretation of the Letter.

Cohn asserts that the company "clearly identified the owner of the note, which is the creditor to whom the debt is owed," therefore, the Letter would not confuse the least sophisticated consumer. (ECF No. 9-1 at 2.) The very fact that the parties dispute how many entities are included in the list of entities that purportedly communicates the identity of the creditor to whom the debit is owed portends that there are multiple interpretations, at least one of them inaccurate, of the content of the Letter. If the parties here dispute the number of actual entities within the Letter, what hope does the least sophisticated consumer have to accurately determine which entity is the creditor? The FDCPA requires that the identity of the creditor to whom the debt is owed be communicated effectively to the least sophisticated consumer, and here, there is at least a facially plausible claim that Cohn's Letter did not meet such a standard.

Second, vague language in the Letter potentially further confuses the identity of the creditor to whom the debt is owed, or at least does not clarify the identity of the creditor. The Letter states, "[t]he loan has been referred to this office for legal action based upon a default under the terms of the loan agreement." (ECF No. 1-1.) While the reference to "this office" is not misleading given that the Letter clearly was sent from Cohn per the

9

header of the Letter and signature, the reference to "[t]he loan" does not help to identify the creditor to whom the debt is owed.

Further, the memo line of Cohn's Letter only includes vague references to file numbers, "Loan #1115040410" and "Our File #449614," that do not link the account numbers to a particular entity that could be identified as the creditor to whom the debt is owed. (ECF No. 1-1.) (*See Romano v. Schachter Portnoy, L.L.C.,* No. 17-CV-1014(ARR)(CLP), 2017 WL 2804930, at \*3 (E.D.N.Y. June 28, 2017), finding that because the letter's subject line stated "Re: CALVARY SPV I, LLC . . Original Creditor: SYNCHRONY BANK formerly known as GE CAPITAL RETAIL Bank," the subject line clearly communicated that Cavalry SPV I, LLC was the creditor to whom the debt was owed; there was no other way to understand the disclosure than that the creditor was Cavalry SPV I, LLC, even though multiple entities were identified. *Id.* at \*2.) Here, however, there are multiple possible interpretations of the information provided in the Letter's subject line, contrary to *Romano*. As a result, the content of the Letter supports a plausible claim that the identity of the creditor to whom the debt is owed was not effectively communicated, thus, Smith has set out a plausible claim for relief under the FDCPA.

## **CONCLUSION**

For the reasons stated above, Cohn's Motion to Dismiss (ECF No. 9) is DENIED.

A separate Order follows.

Dated: October 30, 2017                 \_\_\_/s/_____
                                                            Richard D. Bennett
                                                            United States District Judge